IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT LYNN BELL,**

   **Petitioner,**

v.

**WARDEN, ERIC WILLIAMS.**

   **Respondent.**

**Case No. 22-CV-02387-SPM**

# MEMORANDUM & ORDER

## McGLYNN, District Judge:

 Petitioner Robert Lynn Bell is currently incarcerated at FCI Greenville after pleading guilty to an armed carjacking in violation of 18 U.S.C. § 2119. *United States v. Bell*, Case No. 3:93-cr-00302-M-1 (N.D. TX), ECF No. 1. The District Court imposed a sentence of 240 months to run consecutively to sentences imposed in state court for the same conduct. *Id*. He filed this Habeas Corpus action pursuant to 18 U.S.C. § 2241 challenging the validity of his conviction.

 Bell previously directly appealed his consecutive sentence arguing that United States Sentencing Commission, Guidelines Manual, §5G1.3 (2021), should have applied in his case, causing the District Court Judge to sentence him concurrent to his state sentence. (Doc. 1). Initially the matter was remanded for the District Court Judge to explain this upward departure; however, the 240-month sentence was eventually affirmed. (Doc. 1).

 Bell filed his § 2241 Petition on October 13, 2022 (Doc. 1). This case is now before the Court for preliminary review of the Petition pursuant to Rule 4 of the Rules

Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the District Court Judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases, such as this action under § 2241. After carefully reviewing the petition and subsequent filings, the Court concludes that this action must be dismissed.

## LEGAL STANDARD

Generally, petitions for Writ of Habeas Corpus under 28 U.S.C. § 2241 may only be employed to challenge the execution of a sentence. *See Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998). Therefore, excluding the direct appeal, a federal prisoner is ordinarily limited to challenging their sentence by bringing a motion in the court which sentenced them, pursuant to 28 U.S.C. § 2255. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under limited circumstances, a prisoner may challenge his conviction or sentence under § 2241. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). A petitioner must demonstrate the inadequacy of a § 2255 motion in curing the defect in his conviction due to a structural problem in the statute. *See Webster v. Daniels*, 784 F.3d 1123,

1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998).

Following *Davenport* and its progeny, the Seventh Circuit has developed a three part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause: (1) The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to constitutional interpretation); (2) The statutory rule of law in question must apply retroactively to cases on collateral review and could not have been invoked in a first § 2255 motion; and (3) A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute a "miscarriage of justice." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). The failure to satisfy any of these elements is grounds for the termination of the appeal. *See Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020).

## DISCUSSION

In this petition, Bell argues that he meets the requirement of the savings clause because he is asking the court to consider him without the "career offender" enhancement, which was found to meet the requirements of the savings clause in *Brown v. Caraway*, 719 F.3d 583, (7th Cir. 2013). (Doc. 1).

Bell fails to satisfy the *Davenport* conditions. Bell asserts that he is in the same

position as the petitioner in *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013), asking the court to reconsider him without the career offender enhancement, which was found to fall within the bounds of the savings clause for *Brown*. (Doc. 1). However, Bell proceeds to challenge the constitutionality of the consecutive nature of his sentence, without elaborating on the career offender enhancement. Principally, Bell argues the District Court erred by imposing a consecutive rather than concurrent sentence. (Doc. 1). This argument was previously raised by Bell on a direct appeal, and the court found that it would be within the Court's discretion to depart upward from the sentencing guidelines in his matter, so long as the departure was reasonable, and the court justified it in terms of the policies underlying the guidelines. *United States v. Bell*, Case No. 3:94-cr-10196 (5th Cir. 1995), ECF No. 1. Notwithstanding the merits of this argument for now a third time on review, Bell fails to elaborate as to how his case is similar to *Brown*, or in the alternative how his case on its own merits satisfies the savings clause so as to survive this preliminary review (Doc. 1). Thus, Bell has failed to present any argument upon which this Court could find he satisfied the first requirement of the savings clause.

Further, Bell does not satisfy the second prong of the test, as he has previously raised the issue of being erroneously classified as a career offender in a prior § 2255 motion. *Robert Bell v. United States*, Case No. 3:16-cv-01624-G-BF (N.D. TX), ECF No. 8. The fact that Bell is barred from bringing a successive § 2255 petition is not sufficient to render § 2255 an inadequate remedy. *See In Re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998). Bell continues to present arguments that have already been

adjudicated by the federal court system, while also failing to justify why he meets the savings clause requirements. Therefore, Bell has not met the second prong of the savings clause, as he has already brought this argument in a previous § 2255 motion.

## CONCLUSION

For the foregoing reasons, the Petition, (Doc. 1), is DISMISSED with prejudice. The Clerk is DIRECTED to close this case and enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir, 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely appeal motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).

**IT IS SO ORDERED.**

**DATED:  April 19, 2023**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
